UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                          CASE NO.:  18-70671-LAS

**Romaine Gordon,**                                             **Chapter 13**

                                        **Debtor,**             **NOTICE OF MOTION TO**
                                                                **MODIFY THE CHAPTER 13**
                                                                **PLAN POST CONFIRMATION**

--------------------------------------------------------X

       **PLEASE TAKE NOTICE,** that upon the annexed application of the debtors a

hearing will be held before the Honorable Louis A Scarcella to consider the Debtor's

Motion for an Order granting relief as follows: that the Chapter 13 plan be modified

pursuant to USC §1329 and for such other relief as to this Honorable Court may seem

just and proper.

       **Date and time of hearing:**   **May 5, 2020 at 10:00am.**

       **Location:**           **United States Bankruptcy Court**
                              **Eastern District of New York**
                              **Long Island Federal Courthouse**
                              **290 Federal Plaza, Courtroom 970**
                              **Central Islip, New York 11722**

Dated: Woodbury, New York
       April 10, 2020           Aronow Law, PC
                           Attorney for Debtors
                           7600 Jericho Tpke, ste 115
                           Woodbury, NY 11797
                           516-762-6700

                           By: /s/ Darren Aronow_____
                                  Darren Aronow, Esq.

TO:    ***Trustee***
       **Marianne DeRosa**
       Office of the Chapter 13 Trustee
       100 Jericho Quadrangle
       Suite 127
       Jericho, NY 11753

       ***U.S. Trustee***
       **United States Trustee**
       Long Island Federal Courthouse
       560 Federal Plaza - Room 560
       Central Islip, NY 11722-4437

       ***SEE ATACHED CREDITOR MATRIX ON AFFIDAVIT OF SERVICE***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:                                                        CASE NO.:  18-70671-LAS

**Romaine Gordon,**                                           **Chapter 13**

                                        **Debtor,**           **APPLICATION**
-------------------------------------------------------X

      Romaine Gordon, the debtor herein ("Debtor"), by her attorney, Aronow Law,

PC, respectfully allege as follows:

      1.      This Court has jurisdiction over this motion to modify pursuant to 28

U.S.C §157 and § 1329.  Venue is proper in this district pursuant to 28 U.S.C § 1409.

This is an action pursuant to FRBP 3015 of the Federal Rules of Civil Procedure to

modify a Chapter 13 plan post confirmation of the herein case.

      2.      The Debtor resides at and is the sole owner of 12 Runnymeade Drive, East

Hampton, NY 11937 ("Real Property").  The Debtor filed a voluntary petition for relief

under Chapter 13 of the Bankruptcy Code on January 31, 2018 (the "filing date").  The

debtor's Chapter 13 plan was confirmed by the Court on <u>September 25, 2018</u>.

      3.      The Debtor currently pays to the Chapter 13 Trustee the amount of

<u>$9,531.00</u> per month which said payments are current and in compliance with the

confirmed plan.

      4.      The Debtor is a realtor in the Hampton market and although earned a

substantial income in the previous years while she has been in the Chapter 13; she is now

unemployed and unable to work specifically because of the Stay at Home Order by

Governor Cuomo that includes that realtors are non-essential workers and can no longer

show houses due to social distancing.

5.      Her inability to work due to the current pandemic that is plaguing the country, requires her to request the modification of her confirmed plan. **See Affidavit exhibit "A".**

6.      Recently, the Senate signed off on bill H.R. 748 and is now known as the "***Coronavirus aid, Relief, and Economic Security Act: or the "CARES Act". In the CARES Act, it has made an amendment as follows:***

*11 U.S.C. S1329 (d):*

*(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if:*

> *(A) The debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and*

> *(B) The modification is approved after notice and a hearing.*

*(2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.*

*(3) Sections 1322(a), 1322(b), 1322 (c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).*

7.      The Debtor seeks to modify the Chapter 13 plan from 100% plan over a period of 60 months; to a 100% plan with the additional 24 months pursuant to 11 U.S.C. S1329(d) and not to exceed a total of 7 years from confirmation of the plan on September 25, 2018. **See exhibit "B" the proposed fifth amended plan.**

8**.**     The Debtor is in fact experiencing a material financial hardship due directly to the coronavirus disease and is in dire need of relief pursuant to the CARES Act.

9.     In addition, the Debtor also requests that she be given a 6-month grace period from any Trustee payments in order to give time for the pandemic to not only retreat, but for the economy to recover so that her work as a realtor can get back to the financial norm that she enjoyed in the prior years. After the addition of 24 months to the plan and the deferment of 6 months of Trustee payments, the new payment after the 6 months will be $6,115.00, creating a viable Chapter 13 plan for completion. **See exhibit "C" the proposed fifth amended plan.**

10.     The Movant law firm asks for a $750.00 legal fee to be paid from the Trustee as an administrative expense.

11.     No prior application has been made to this Court.

**WHEREFORE**, it is respectfully requested that an Order of this Court issue pursuant to Federal Rule Bankruptcy Procedure 3015 and 11 U.S.C. §1329 to modify to a Chapter 13 plan post confirmation of the herein case and for such other and further relief as this Court may deem just and proper.

DATED:       Woodbury, New York
             April 9, 2020            /s/ Darren Aronow
                                      Darren Aronow, ESQ.
                                      Aronow Law, PC
                                      Attorney for Debtor
                                      7600 Jericho Tpke, ste 115
                                      Woodbury, NY 11797
                                      (516) 762-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:                                                                    **CASE NO.:  18-70671-LAS**

**Romaine Gordon,**                                          **Chapter 13**

                                                  **Debtor,**
--------------------------------------------------------X

## <u>ORDER GRANTING MOTION TO MODIFY THE CHAPTER 13 PLAN POST CONFIRMATION</u>

Upon the Application of the Debtor, **Romaine Gordon**, by and through her

attorney Aronow Law, P.C., and pursuant to Federal Rule Bankruptcy Procedure 3015

and 11 U.S.C. §1329 for an order granting this motion to modify the Chapter 13 Plan post

confirmation; and pursuant to 11 U.S.C. 1329 (d) to extend the plan for an additional 24

months but not to exceed 7 years since the confirmation of the plan on September 25,

2018; and it is further

**ORDERED**, that Aronow Law, PC be paid a $750.00 administrative legal

expense by the Trustee;

**ORDERED**, that Aronow Law, PC shall file the Fifth amended plan as seen in
Exhibit "B";

**ORDERED**, that the application be and hereby is granted in all respects and that
the courts shall grant any other relief that Your Honor should deem proper.


_____

Marianne DeRosa